■ In the Matter of NORA GLYNN, an Incompetent Person. HARLEM VALLEY STATE HOSPITAL, Appellant; MARY KENNY, as Committee of NORA GLYNN, Respondent.— Order, entered on or about February 4, 1963, directing the incompetent's committee to pay hospital charges retroactive to January 1,

1963, unanimously modified, on the law, without costs or disbursements, to the extent of directing said committee to pay the amounts due for care and treatment of the incompetent from August 7, 1957, the date of her admission to appellant-hospital. The Commissioner of Mental Hygiene, pursuant to section 24 of the Mental Hygiene Law established the amount to be paid for the incompetent's care and treatment. Such determination has not been challenged as arbitrary and capricious. " The Legislature has given to the commissioner the sole authority to fix the payments to be made for the care of those who, * * * may become patients. * * * the amounts to be paid are discretionary with the commissioner and * * * the amounts so fixed by him, pursuant to legislative authority, may not be collaterally questioned ". (*Matter of Asker,* 284 App. Div. 712, 716, affd. 309 N. Y. 983.) Subdivision 2 of section 24 (now § 24, subd. 4, par. [a]) states in part that a committee shall be responsible for payment for services, care and treatment furnished " from the date of admission ". In the absence of any claim that the determination by the Commissioner was arbitrary and capricious the courts cannot interfere. Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.